UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| CHRISTOPHER SHANE WHITED | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:13-0025 |
| | ] | Judge Trauger |
| JEFF LONG, et al. | ] | |
| Defendants. | ] | |


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Jeff Long, Sheriff of Williamson County, four members of the Williamson County Sheriff's Department, and two employees of the Southern Health Partners, seeking damages.

In July, 2012, the plaintiff was confined at the Williamson County Jail. He suffers from hepatitus C and needs surgery on his wrist. The plaintiff claims that the defendants refused to treat his hepatitis C, would not provide him with needed surgery, and withheld prescribed medication.

This action is being brought against all the defendants, with the exception of Sgt. Dan Vandenbosch, in their official capacities only. Because the plaintiff in an official capacity action seeks

1

damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, most of the plaintiff's claims are against Williamson County, the municipal entity that operates the Williamson County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Williamson County or its agent, the Williamson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Williamson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Williamson County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

The plaintiff is suing Sgt. Dan Vandenbosch in his individual capacity only. According to the complaint, this defendant's only involvement was his failure to act upon plaintiff's grievance

2

reporting the alleged lack of medical care.

Liability under § 1983 must be based on active unconstitutional behavior rather than a mere failure to act. Salehpour v. University of Tennessee, 159 F.3d 199, 206 (6th Cir.1998), *cert. denied* 119 S.Ct. 1763 (1999). Supervisory personnel will not be held liable simply because they failed to intervene or act upon the letters and complaints of a prisoner. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999). As a result, the plaintiff has failed to state a claim against Sgt. Vandenbosch as well.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge