UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTOPHER SHANE WHITED,　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff　　　　　　)
　　　　　　　　　　　　　　　　)　　　No. 3:13-0025
v.　　　　　　　　　　　　　　　)　　　Judge Trauger/Brown
　　　　　　　　　　　　　　　　)
JEFF LONG, *et al.,*　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendants　　　　　　)

**TO:　THE HONORABLE ALETA A. TRAUGER**

**O R D E R**

For the reasons stated below the Magistrate Judge
recommends that the claims against the Defendants Evie Britt,
Sergeant Hughes and Samantha be DISMISSED without prejudice for
failure to obtain service of process within 120 days as required by
Federal Rule of Civil Procedure 12(m) and for failure to obey Court
orders under Federal Rule of Civil Procedure 41.

**BACKGROUND**

The Plaintiff filed a complaint against a number of
Defendants on January 11, 2013 (Docket Entry 1). Subsequently, the
District Judge initially dismissed the case for failure to state a
cause of action (Docket Entry 5). The Plaintiff filed an appeal
(Docket Entry 16) and the Sixth Circuit subsequently reversed the
dismissal of the Plaintiff's case and directed the District Court
to consider his motion to amend his complaint (Docket Entries 24
and 25).

The District Court then dismissed the claims against all
Defendants except Britt, Hughes and Samantha (Docket Entry 26).

The Court directed the Plaintiff to return service packets for the three remaining defendants and for the United States Marshals Service to serve process when the Plaintiff returned the packets. The packets were returned on November 27, 2013. The Marshals Service attempted to execute service on the three Defendants. The summonses as to Britt and Samantha were returned as no longer employed at the address listed (Docket Entries 30 and 31). Service was not attempted on Defendant Hughes because the Plaintiff did not return a service packet for this Defendant.

On December 18, 2013 (Docket Entry 32), the Magistrate Judge entered an order noting these facts and gave the Plaintiff 120 days after December 12, 2013, to provide better addresses for Britt and Samantha and to return a service packet for Defendant Hughes. The Plaintiff was specifically forewarned that failure to obtain service of process within the 120 days would result in the Magistrate Judge recommending Plaintiff's case be dismissed for failure to obtain service of process unless the Plaintiff requested additional time and showed good cause for such an extension.

As of the date of this Report and Recommendation the Plaintiff has had no further contact with the Court concerning service of process. More than 120 days since December 12, 2013, have passed.

**LEGAL DISCUSSION**

The Court mus be able to control its docket and move its cases forward. In this case Rule 4(m) is quite clear that the Court

must dismiss a complaint if a service of process is not obtained within 120 days unless an extension is granted. In this case, although the Plaintiff was specifically warned of the possibility that his case would be dismissed, he has taken no action to provide better addresses or to request additional time to accomplish service of process. The Sixth Circuit has given the District Court guidance on how to handle this situation.

In *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988,992 (6th Cir. 1999) the Court stated: A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted.

In accordance with this case the Magistrate Judge has determined from the Plaintiff's failure to respond to the Court's earlier order (Docket Entry 26) that (1) the Plaintiff's conduct is willful and not due to mistake or inadvertent; (2) the Defendants may be prejudiced by not knowing that a suit has been filed against them, as memory will fade and evidence will disappear; (3) the Plaintiff was specifically warned of the necessity of obtaining service of process and the fact that his case would be subject to

dismissal; (4) the Magistrate Judge has considered less drastic remedies and recommends that the dismissal be without prejudice, rather than with prejudice.[1]

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends this case be dismissed as to all remaining Defendants without prejudice and that any appeal from such an order not be certified as being taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 28th day of April, 2014.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1]Even if the dismissal is without prejudice it may well be that the Plaintiff will be precluded by the Tennessee one year statute of limitations for violations of 42 U.S.C. § 1983.